# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-038 |
| | ) | |
| FRANCIS G. RALEIGH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant submitted an exhibit with his Motion to Suppress, doc. 13, that inadvertently included his full, unredacted Social Security Number ("SSN"), doc. 13-1. He moves to seal the exhibit. Doc. 14.

Defendant's Motion to Seal is deficient. *See* doc. 14. This Court's Local Criminal Rules require a party requesting sealing to support the request with specific information, including "supporting reasons with reference to applicable law." S.D. Ga. L. Crim. R. 49.1(b)(1)(B). In support of his request to seal, Defendant offers only that his counsel "inadvertently filed an unredacted copy of a report as Exhibit A." Doc. 14. He does not even identify the information he wishes to redact in his motion to seal. *See id.* Not only is this noncompliant with the Local Rule,

it is also insufficient to overcome the public's constitutional right of access in this criminal proceeding. "The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). A party can rebut the presumption of openness "if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 1030 (quoting *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984)). When sealing documents, the Court must "articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (internal quotations and citation omitted). Defendant does not come close to the requisite showing necessary to rebut the presumption of openness. *See generally* doc. 14.

Nevertheless, the Court **GRANTS** Defendant's Motion to Seal Exhibit A Attachment to Motion to Suppress. Doc. 14. Rule 49.1(a)(1) of the Federal Rules of Criminal Procedure provides that court-filings may only include the last four digits of a person's SSN. Thus, even though Defendant's Motion to Seal is lacking, the Court finds that the interest

in protecting Defendant's sensitive personal information from disclosure–an interest recognized and protected by the Federal Rules–overrides the presumption of openness.  *See Ochoa-Vasquez*, 428 F.3d at 1030.

The Clerk is **DIRECTED** to maintain Exhibit A to Defendant's Motion to Suppress, doc. 13-1, **UNDER SEAL** permanently.  Defense counsel has provided a proposed redacted version of Exhibit A.  The Clerk is **DIRECTED** to docket the redacted version of Exhibit A as an attachment to Defendant's Motion to Suppress.  Doc. 13.

**SO ORDERED**, this 18th day of July, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA