UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-038 |
| | ) | |
| FRANCIS G. RALEIGH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Francis G. Raleigh is charged by Information with one count of driving under the influence of alcohol ("DUI") while his alcohol concentration was 0.08 grams or more and one count of DUI less safe, in violation of 18 U.S.C. §§ 7 and 13 and O.C.G.A. §§ 40-6-391(a)(5) and 40-6-391(a)(1). *See generally* doc. 1. Raleigh moved to suppress the results of a blood-alcohol test. Doc. 13. The Government responded. Doc. 16. On September 18, 2024, the Court held a hearing on Raleigh's Motion. Doc. 24. The Motion is, therefore, ripe for review. For the reasons explained below, it is **DENIED**. Doc. 13.

The parties do not dispute that on November 29, 2023, Raleigh was stopped at one of the gates on Fort Stewart based on suspicion that he was driving under the influence. *See* doc. 13 at 1. Sergeant Dustin

1

Busby, who testified at the hearing, made the stop and conducted several field sobriety tests. *See id.* at 1-2; *see also, e.g.,* doc. 24 (Minute Entry). At the hearing Busby testified that Raleigh's performance on the field sobriety tests was indicative of intoxication. After determining that he would place Raleigh under arrest, Busby read him a notice concerning his implied consent to blood-alcohol testing under Georgia law. *See* doc. 13 at 3; *see also, e.g.,* O.C.G.A. 40-5-67.1(b)(2).

Raleigh's written Motion argues that, because Busby read the notice prior to Raleigh's formal arrest, it is procedurally defective and the results of the blood-alcohol test should be suppressed. *See* doc. 13 at 3. The Government responds that the Georgia statute Raleigh invokes is inapplicable. *See* doc. 16 at 3. Instead, the Government argues that federal law, specifically 18 U.S.C. § 3118(a), establishes Raleigh's implied consent to blood-alcohol testing, given his operation of a motor vehicle on federal property within Fort Stewart. *Id.*

The Government is correct that Georgia law, and its procedural requirements, do not apply. This Court has previously considered a defendant's assertion that "Georgia procedural rules were not followed at the time of his arrest and that the results of his [blood-alcohol] tests

2

should be excluded from evidence." *United States v. Hapney*, 2008 WL 4224804 at *3 (S.D. Ga. Sept. 11, 2008). The Court rejected that argument because, since the arrest occurred on federal property, "the federal implied consent law controls." *Id.* at *4. As the Government points out, § 3118(a) "does not indicate that a defendant must be read the law's provisions before or after he is arrested." Doc. 16 at 3. Even if Busby deviated from the procedures mandated under Georgia law, therefore, those deviations are irrelevant. The Government's alternative arguments concerning whether any such deviation occurred are, therefore, moot. *See* doc. 16 at 4-6. To the extent that Raleigh's Motion seeks suppression of the blood-alcohol test results because of alleged procedural defects under Georgia law, it is **DENIED**. Doc. 16. Because the Court concludes that Georgia law does not apply, the Court does not reach the parties' dispute about whether the requirements of Georgia law were satisfied.

At the hearing, Defendant's counsel attempted to raise an additional argument for suppression of the blood-alcohol test results. She argued that, assuming that Georgia law was inapplicable, the results should still be suppressed as the fruit of a warrantless search. Counsel

also suggested, albeit somewhat vaguely, that Busby's reading the notice required under Georgia law was "deceptive," and, therefore, "coercive." The Government responded that the testing did not violate the Fourth Amendment because Raleigh had implicitly consented to such testing by operating a motor vehicle on federal property, pursuant to § 3118(a). Consistent with the Government's argument, as explained above, whether or not the officer's reading the language required under Georgia law was a mistake or not, that mistake does not alter the application of the consent implied under § 3118 because that statute does not require any notice.[1] Moreover, pursuant to § 3118, Raleigh had already implicitly consented to the blood-alcohol testing by "operat[ing] a motor vehicle in the special maritime and territorial jurisdiction of the United States . . . ." 18 U.S.C. § 3118(a). Defendant has pointed to no authority that he was required to consent again before the test was performed. Thus, assuming that the blood-alcohol test was a search,[2] his consent to

---

[1] To the extent that Defendant argues that the enforcement of a statute without actual notice violates due process, presumably under the Fifth Amendment, that argument is obviously and fundamentally flawed. *See, e.g., United States v. Lewis*, 355 F. Supp. 1132, 1142 (S.D. Ga. 1973) ("Nevertheless, everyone is presumed to know the law . . . for, were the rule otherwise, . . . 'tis an excuse every man will plead, and no man can tell how to refute him.'" (citations omitted)).

[2] Raleigh was subjected to a breath test to determine his blood-alcohol content. *See* doc. 13 at 1 (stating that Raleigh "submitted to a breath test on the Intoxilyzer

that search, albeit implicit, satisfies the Fourth Amendment.[3]  *See, e.g., Katz v. United States*, 389 U.S. 347, 358 n. 22 (1967) ("A search to which an individual consents meets Fourth Amendment requirements . . . ."). To the extent that Defendant raised those arguments at the hearing, they do not alter the Court's determination that his Motion is **DENIED**.  Doc. 13.

**SO ORDERED**, this 10th day of October, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

9000."). While the Supreme Court "has applied the Fourth Amendment . . . even to a breathalyzer test," *Maryland v. King*, 569 U.S. 435, 446 (2013) (internal quotation marks and citations omitted), it has also held that "[a] breath test does not implicate significant privacy concerns," *Birchfield v. North Dakota*, 579 U.S. 438, 463 (2016) (internal citation, quotations, and alteration omitted).  Since the Fourth Amendment issue was raised by Defendant at the hearing, neither party exhaustively analyzed the issue.  As such, the Court assumes, without deciding, that Raleigh's being subjected to a breathalyzer test was a search under the Fourth Amendment.

[3] Defendant has not suggested that § 3118 is unconstitutional, either on its face or as applied to him.  In the absence of any such assertion, the Court does not consider the issue.  *Cf. United States v. Sugiyama*, 113 F. Supp. 3d 784 (D. Md. 2015) (considering the constitutionality of implied-consent statutes).